# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

In re:

Oakwood Homes Corporation, et al.

Debtors.

_____

OHC Liquidation Trust,

          Plaintiff,

v.

Roger Schipke,

          Defendant.

Chapter 11

Case No. 02-13396 (PJW)

Jointly Administered

Adversary Proceeding No. 04-_____ (PBL)

**COMPLAINT FOR: (1) AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550; (2) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544, 548, 550, AND APPLICABLE STATE LAW; (3) DISALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. §§ 502(b) AND 502(d); AND (4) EQUITABLE SUBORDINATION OF CLAIMS PURSUANT TO 11 U.S.C. § 510(c)**

Plaintiff, the OHC Liquidation Trust (referred to herein as "Trust" and "Plaintiff"), by and through Alvarez & Marsal, LLC, the duly appointed trustee for the Trust (the "Trustee"), hereby files its "Complaint For: (1) Avoidance And Recovery Of Preferential Transfers Pursuant To 11 U.S.C. §§ 544, 547 and 550; (2) Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544, 548, 550, and Applicable State Law; (3) Disallowance Of Claims Pursuant To 502(b) And 502(d); (4) Equitable Subordination of Claim Pursuant to 11 U.S.C. § 510(c)" against Roger Schipke ("Defendant") and alleges as follows:

{D0030857:1 } 367476v1

# I.

# THE PARTIES

**A.    Plaintiff.**

1.   Oakwood Homes Corporation and certain of its subsidiaries and affiliates are the above-captioned reorganized debtors (collectively, the "Debtors") in chapter 11 bankruptcy cases currently pending in the United States Bankruptcy Court for the District of Delaware (the "Court"), which chapter 11 cases are jointly-administered under case number 02-13396 (PJW) (collectively, the "Bankruptcy Cases").   The Debtors maintained their principal place of business at 7800 McCloud Road, Greensboro, North Carolina 27409.

2.   The Debtors designed, manufactured, marketed and financed the sale of manufactured and modular housing.

3.   On November 15, 2002 (the "Petition Date"), certain of the Debtors filed with this Court voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The remaining Debtors filed for chapter 11 protection on March 5, 2004.

4.   By order ("Confirmation Order") entered on March 31, 2004, the Court confirmed the Debtors' "Second Amended Joint Consolidated Plan of Reorganization of Oakwood Homes Corporation and Its Affiliated Debtors and Debtors in Possession" ("Plan").  The Plan became effective as to all but one of the Debtors on April 15, 2004, and for the remaining Debtor on April 27, 2004 (together, the "Effective Date").

5.   Pursuant to Paragraph 40 of the Confirmation Order, Section 6.3(b) of the Plan, and the Liquidation Trust Agreement dated April 13, 2004 (the "LTA"), which was filed with the Court on or about April 14, 2004 and in connection with the Plan, the Trust was deemed established as of the Plan's Effective Date.

6.   Pursuant to the Confirmation Order, the Plan, and the LTA, the Debtors vested the Trust with the right to prosecute, compromise, and settle all Claims and Causes of Action (as defined in Sections 1.1(57) and 1.1(52) of the Plan, respectively), including the causes of action asserted herein, on behalf of the holders of the beneficial interests in the trust.

7. Each of the allegations made herein is made on knowledge as to itself and as to all other matters on information and belief, the basis of which is the Debtors' books and records that are in the control of the Trust.

**B. Defendant.**

8. Defendant was a director of the Board of Directors of Debtor Oakwood Mobile Homes Corporation ("OHC") and certain of Debtor OHC's subsidiaries and affiliates at all times relevant to the claims asserted herein.

9. Defendant is an insider ("Insider") of the Debtor pursuant to Bankruptcy Code section 101(31).

10. Defendant filed a claim against the Debtors and/or has been scheduled as having a claim in the Bankruptcy Cases (collectively, "Defendant Claim").

## II.

## JURISDICTION AND VENUE

11. This adversary proceeding "relates," within the meaning of Federal Rule of Bankruptcy Procedure 7008(a), to the Bankruptcy Cases.

12. This Court has jurisdiction over this action under 28 U.S.C. §§ 1334(b), 1334(e), and 157, and under that Order of the District Court for the District of Delaware that refers all bankruptcy matters and proceedings to this Court, because the Debtors are debtors in the Bankruptcy Cases and because the issues raised by this action arise under sections 105, 502(d), 547, and 550 of the Bankruptcy Code and relate to the Bankruptcy Cases.

13. Venue in this District is proper under 28 U.S.C. § 1409 because the Bankruptcy Cases to which this action relates are pending before this Court in this District.

14. This action is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). If this adversary proceeding is determined to be "noncore," Plaintiff consents to the entry of final orders or judgments by the bankruptcy judge.

## III.

## **GENERAL ALLEGATIONS**

15. In or around November 1998, the Debtors implemented the "Oakwood Homes Corporation Director Deferral Plan" ("Director Deferral Plan")[1], which was effective as of January 1, 1999, pursuant to which the Debtors permitted non-employee members of its Board of Directors to defer payment of all or any portion of the annual retainer fee and/or meetings fees payable during a year in the form of "Stock Units" (as defined in the Director Deferral Plan).

16. Defendant, as a member of the Board of Directors of Debtor OHC and certain of Debtor OHC's subsidiaries and affiliates, knew or reasonably should have known that the Debtors were in financial distress when the decision was made to pay any and all amounts that were allegedly due and owing to Defendant on account of Defendant's participation in the Director Deferral Program.

17. Within one year of the Petition Date the Debtors transferred to the Defendant a total of $92,303.03 (the "Transfers") on account of amounts allegedly due and owing to Defendant by the Debtors (i) pursuant to the Director Deferral Plan, and/or (ii) as a result of Defendant's service as director, as described more fully on Exhibit "A" attached hereto.[2]

18. For each Transfer, Exhibit "A" provides the following information: (a) the invoice number; (b) the invoice amount; (c) the date of the invoice; (d) the amount the Debtors paid for each invoice; (e) the date the relevant check was cashed by or on behalf of Defendant and/or the date the relevant wire transfer was made to or on behalf of the Defendant; (f) the amount of the Debtors' payment that is a preference; and (g) the number of days that lapsed between the invoice date and the date payment was received.

19. Each Transfer specified on Exhibit "A" is a "transfer" as that term is defined in Bankruptcy Code section 101(54).

---

[1] A true and correct copy of the Director Deferral Plan is annexed hereto as Exhibit "B".
[2] Exhibit "A" was prepared by the Trust from the Debtors' accounting records.

# IV.

# FIRST CLAIM FOR RELIEF

**(AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS TO AN INSIDER PURSUANT TO 11 U.S.C. §§ 547 AND 550)**

20. Plaintiff incorporates herein by this reference the allegations set forth in paragraphs 1 through 19, inclusive, hereof, and hereby repeats and re-alleges the allegations contained in said paragraphs with the same force and effect as if said allegations were fully repeated and re-alleged at length herein.

21. All of the Transfers herein alleged were transfers of an interest of one or more of the Debtors in property.

22. Each of the Transfers made to the Defendant was on account of an antecedent debt owed by one or more of the Debtors to the Defendant before each of the Transfers was made.

23. The Transfers were made while the Debtors were insolvent, as "insolvent" is defined by section 101(32) of the Bankruptcy Code.

24. The Transfers were made or perfected by one or more of the Debtors to or for the benefit of the Defendant on or within the period of one year before the Petition Date.

25. The Transfers made to the Defendant enabled the Defendant to receive more than it would have received if: (a) the Debtors' chapter 11 Bankruptcy Cases were cases under chapter 7 of the Bankruptcy Code, (b) the Transfers had not been made, and (c) the Defendant received payment of such debt to the extent provided for by the Bankruptcy Code.

26. The Transfers constitute an avoidable preference under section 547 of the Bankruptcy Code.

27. The Transfers were made to or for the benefit of the Defendant, and consequently, the Plaintiff may recover the avoided Transfers from the Defendant under Bankruptcy Code section 550.

## V.

## SECOND CLAIM FOR RELIEF

### (AVOIDANCE AND RECOVERY OF CONSTRUCTIVE FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§548 AND 550)

28. Plaintiff incorporates herein by this reference the allegations set forth in paragraphs 1 through 27, inclusive, hereof, and hereby repeats and re-alleges the allegations contained in said paragraphs with the same force and effect as if the allegations were fully repeated and re-alleged at length herein.

29. All of the Transfers herein alleged were transfers of an interest of one or more of the Debtors in property.

30. Plaintiff is informed and believes, and based thereon alleges, that the Transfers were made by one or more of the Debtors for less than reasonably equivalent value.

31. The Debtors (i) were insolvent on the date of the Transfers, or became insolvent as a result of such Transfers, (ii) engaged in a business or transaction, or were about to engage in a business or transaction, for which the property that remained with the Debtors after the Transfers was an unreasonably small capital; or (iii) intended to incur, or believed that they would incur, debts that would be beyond the Debtors' ability to pay as such debts matured.

32. The Transfers represent an avoidable fraudulent transfer under section 548(a)(1)(B) of the Bankruptcy Code.

33. The Transfers were made to or for the benefit of the Defendant and, consequently, Plaintiff may recover the avoided Transfers from the Defendant under Bankruptcy Code section 550.

## VI.

## THIRD CLAIM FOR RELIEF

### (AVOIDANCE AND RECOVERY OF CONSTRUCTIVE FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 544(b) AND 550 AND APPLICABLE STATE LAW)

34. Plaintiff incorporates herein by this reference the allegations set forth in paragraphs 1 through 33, inclusive, hereof, and hereby repeats and re-alleges the allegations

contained in said paragraphs with the same force and effect as if the allegations were fully repeated and re-alleged at length herein.

35. Pursuant to Bankruptcy Code section 544(b), a debtor may avoid any transfer of any interest of the debtor or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of the Bankruptcy Code or that is not allowable only under section 502(e) of the Bankruptcy Code.

36. There exists unsecured creditors of the Debtors' holding allowable claims under Bankruptcy Code section 502, and these unsecured creditors were creditors of the Debtors at the time of the Transfers, which are voidable under applicable state law by such unsecured creditors.

37. Plaintiff is informed and believes, and based thereon alleges, that the Transfers were made by one or more of the Debtors without such Debtors receiving a reasonably equivalent value in exchange for such Transfers.

38. The Debtors (i) were insolvent on the date of such Transfers, or became insolvent as a result of such Transfers; (ii) engaged or were about to engage in a business or transaction for which the remaining assets of the Debtors were unreasonably small in relation to the business or transaction, or (iii) intended to incur, or believed that they would incur, debts beyond the Debtors' ability to pay as such debts became due.

39. The Transfers represent an avoidable fraudulent transfer under applicable state law.

40. As a result of the foregoing, Plaintiff is entitled to recover from Defendant pursuant to applicable state law and Bankruptcy Code §§ 544(b)(1) and 550 the avoidable Transfers or the value of the avoidable Transfers.

## VII.
## FOURTH CLAIM FOR RELIEF
### (DISALLOWANCE OF CLAIM PURSUANT TO 11 U.S.C. §502(d))

41. Plaintiff incorporates herein by this reference the allegations set forth in paragraphs 1 through 40, inclusive, hereof, and hereby repeats and re-alleges the allegations

contained in said paragraphs with the same force and effect as if said allegations were fully repeated and re-alleged at length herein.

42. The Transfers made to Defendant as described above were preferential payments and/or fraudulent transfers under the Bankruptcy Code that are avoidable and recoverable by the Debtors.

43. Bankruptcy Code section 502(d) provides that the Bankruptcy Court shall disallow any claim of an entity from which property is recoverable under Bankruptcy Code section 550 or that is a transferee of a voidable transfer, unless such entity has paid a debtor the recoverable amount or transferred over such property.

44. As a result of the foregoing, the Defendant Claim, and any and all other claims filed or scheduled on behalf of the Defendant against any of the Debtors, should be disallowed pursuant to Bankruptcy Code section 502(d).

## VIII.

## FIFTH CLAIM FOR RELIEF

## (DISALLOWANCE OF CLAIM PURSUANT TO 11 U.S.C. §502(b))

45. Plaintiff incorporates herein by this reference the allegations set forth in paragraphs 1 through 44, inclusive, hereof, and hereby repeats and re-alleges the allegations contained in said paragraphs with the same force and effect as if said allegations were fully repeated and re-alleged at length herein.

46. Defendant filed the Defendant Claim against the Debtors in the Bankruptcy Cases.

47. Bankruptcy Code 11 U.S.C. Section 502(b)(1) provides a claim shall be disallowed if:

> (1) such claim is unenforceable against the debtor and property
> of the debtor, under any agreement or applicable law for a
> reason other than because such claim is contingent or
> unmatured; . . .

48. Bankruptcy Code 11 U.S.C. Section 502(b)(4) provides a claim shall be disallowed:

(4) if such claim is for services of an insider or attorney of the debtor, such claim exceeds the reasonable value of such services; . . .

49. All or a portion of the Defendant Claim should be disallowed pursuant to Bankruptcy Code section 502(b)(1).

50. All or a portion of the Defendant Claim should be disallowed pursuant to Bankruptcy Code section 502(b)(4).

## IX.

## SIXTH CLAIM FOR RELIEF

## (EQUITABLE SUBORDINATION OF CLAIM PURSUANT TO 11 U.S.C. §510(c))

51. Plaintiff incorporates herein by this reference the allegations set forth in paragraphs 1 through 50, inclusive, hereof, and hereby repeats and realleges the allegations contained in said paragraphs with the same force and effect as if the allegations were fully repeated and realleged at length herein.

52. As indicated above, and at all time relevant herein, the Debtors were in financial distress.

53. Defendant, as a member of the Board of Directors, knew or reasonably should have known that the Debtors were in financial distress when the decision was made to pay the amounts allegedly due and owing to Defendant on account of Defendant's participation in the Director Deferral Program.

54. Defendant's acceptance of amounts allegedly due and owing to the Defendant under the Director Deferral Plan at a time when the Debtors were in financial distress resulted in a benefit to the Defendant and a detriment to the Debtors and their creditors.

55. Defendant has engaged in inequitable conduct vis-à-vis the Debtors and their creditors.

56. Defendant's misconduct resulted in injury to the Debtors' creditors or conferred an unfair advantage on Defendant.

57. Equitable subordination of the Defendant Claim is not inconsistent with the provisions of the Bankruptcy Code.

58. Pursuant to Bankruptcy Code section 510(c), the Defendant's claims against the Debtors should be equitably subordinated to the claims of the Debtors' other creditors.

**WHEREFORE,** Plaintiff prays that this Court enter a judgment for Plaintiff on this Complaint:

1. For a determination that the Transfers are avoidable as preferential transfers under section 547 of the Bankruptcy Code, and that the Plaintiff is entitled to recover the Transfers under section 550 of the Bankruptcy Code;

2. For a determination that the Transfers are avoidable as constructive fraudulent transfers under section 548 of the Bankruptcy Code, and that the Plaintiff is entitled to recover the Transfers under section 550 of the Bankruptcy Code;

3. For a determination that the Transfers are avoidable as constructive fraudulent transfers under section 544 of the Bankruptcy Code and applicable state law, and that the Plaintiff is entitled to recover the Transfers under section 550 of the Bankruptcy Code

4. For a determination that the avoidable Transfers, or the value thereof, should be preserved for the benefit of the Debtors' estates pursuant to Bankruptcy Code section 551;

5. For disallowance of the Defendant Claim unless and until the amount of the judgment embodied above is paid to the Plaintiff pursuant to Bankruptcy Code section 502(d);

6. For disallowance of all or a portion of the Defendant Claim pursuant to Bankruptcy Code section 502(b);

7. For equitable subordination of all or a portion of the Defendant Claim;

8. For interest at the maximum rate allowed by law;

9. For costs incurred by the Plaintiff in prosecuting this action; and

10. For such other and further relief as the Court may deem just and proper.

Dated: November 12, 2004
      Wilmington, Delaware

| | |
|---|---|
| 1 | |
| 2 | /s/ Marla R. Eskin |
|   | MARLA R. ESKIN (NO. 2989) |
| 3 | CAMPBELL & LEVINE, LLC |
|   | 800 N. King Street, Suite 300 |
| 4 | Wilmington, DE 19801 |
|   | 302-426-1900 |
| 5 | |
| 6 | AND |
| 7 | STEPHEN M. RAY (CA SBN 89853), |
|   | PAMALA J. KING (CA SBN 125786), and |
| 8 | MARGRETA M. SUNDELIN (CA SBN 224950), |
|   | Members of STUTMAN, TREISTER & GLATT |
| 9 | PROFESSIONAL CORPORATION |
|   | 1901 Avenue of the Stars |
| 10 | 12th Floor |
|   | Los Angeles, CA 90067 |
| 11 | |
| 12 | Special Counsel for the OHC Liquidation Trust |